

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2009

# USA v. Sohail Chaudhry

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4540

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Sohail Chaudhry" (2009). *2009 Decisions.* Paper 1584.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1584

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4540
_____

UNITED STATES OF AMERICA

v.

SOHAIL CHAUDHRY,
                                    Appellant
_____

On Appeal From the United States District Court
for the District of New Jersey
(Criminal No. 06-00771)
District Judge:  Honorable Faith S. Hochberg

Submitted Under Third Circuit LAR 34.1(a)
March 13, 2009
_____

Before: CHAGARES, FUENTES and TASHIMA*,<u>Circuit Judges</u>.*

(Filed: April 6, 2009)
_____

OPINION
_____

_____

   * The Honorable A. Wallace Tashima, Senior Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

CHAGARES, Circuit Judge.

 Sohail Chaudhry appeals his convictions for travel with intent to engage in a sexual act with a minor and enticement of a minor female, as well as his sentence. We will affirm.

I.

Because we write solely for the parties, we set forth only those facts that are relevant to our analysis.

On June 20, 2005, Chaudhry, then a married 28-year-old male living in Pennsylvania, entered an internet chat room entitled "Romance NJ" and initiated contact with a government agent, David Agar, who had assumed the identity of a 14-year-old girl from New Jersey with the screen name "Cheergrlsam." Chaudhry represented to Cheergrlsam that he was a 20-year-old male living in Philadelphia. On approximately 54 occasions between June 20, 2005, and January 3, 2006, Chaudhry engaged in sexually explicit conversations with Cheergrlsam. These conversations were recorded and stored by the Yahoo! Messenger program, from which transcripts were later produced.[2]

On January 4, 2006, Chaudhry traveled from his home in Pennsylvania to a McDonald's in New Jersey to meet "Cheergrlsam" in person. Upon arriving at the McDonald's, he was arrested. Chaudhry was taken to the Bergen County Prosecutor's

_____

[2]The Government concedes that the first line or two of the instant messaging conversations are not always recorded by the Yahoo! Messenger program.

2

Office, where he was informed of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and agreed to waive those rights and speak with the investigating officers. Chaudhry admitted that he corresponded with a 14-year-old girl that he knew as Cheergrlsam in an internet chat room, starting in June 2006. Chaudhry also admitted that he initiated conversations with Cheergrlsam about sex, and that he had traveled to New Jersey to meet Cheergrlsam in person. In addition, Chaudhry admitted that he discussed performing various sexual acts with Cheergrlsam and that he had contacted the Horizon Motel in South Hackensack, New Jersey, to check on the availability of rooms and on rates. Chaudhry stated that he intended to purchase condoms ahead of time, but he forgot and then decided to get them after he met with Cheergrlsam. Finally, Chaudhry stated that he spoke with approximately six other girls, who he believed to be approximately Cheergrlsam's age, over the internet.

On September 21, 2006, a grand jury returned a two-count indictment charging Chaudhry with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b), and with using telephone lines and the internet to attempt to entice a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b). On June 13, 2007, following a jury trial, Chaudhry was convicted on both counts of the indictment. Chaudhry filed two post-verdict motions for a new trial, both of which were denied by the District Court. On November 28, 2007, the District Court sentenced Chaudhry to an 84-month term of

3

imprisonment and a $12,500 fine.

On appeal, Chaudhry argues that there was insufficient evidence to support the jury's rejection of his entrapment defense. Chaudhry further argues that the District Court erred in denying certain preliminary and evidentiary motions, including, inter alia, its ruling on certain discovery requests and its denial of Chaudhry's motion to suppress his post-arrest statements to investigating officers. Chaudhry also argues that his sentence is unreasonable because he should not have received an upward adjustment for obstruction of justice, and that the Court erred by limiting his right to allocution and denying him the opportunity directly to address his departure motions to the Court. Finally, Chaudhry contends that he suffered from ineffective assistance of counsel at trial.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and jurisdiction to review the sentences imposed by the District Court pursuant to 18 U.S.C. § 3742.

## III.

The District Court determined that Chaudhry met the threshold requirements entitling him to an entrapment instruction.[1] The jury rejected Chaudhry's entrapment defense and returned a verdict of guilty. Chaudhry argues that this Court should reverse

---

[1] A defendant is entitled to an entrapment charge when he is first able to show "(1) evidence that the Government initiated the crime, regardless of the amount of pressure applied to the defendant, and (2) any evidence negating the defendant's propensity to commit the crime." United States v. Watson, 489 F.2d 504, 509 (3d Cir. 1973); see United States v. Marino, 868 F.2d 549, 552 n.6 (3d Cir. 1987).

4

the determination of the jury because the verdict was based on insufficient evidence and he was entrapped as a matter of law. We review the jury's determination in the light most favorable to the prosecution, and resolve all reasonable inferences therefrom in its favor. United States v. Jannotti, 673 F.2d 578, 598 (3d Cir. 1982) (en banc). Viewing the evidence in this light, we must uphold the jury's verdict "unless no reasonable jury could conclude beyond a reasonable doubt that the defendant was predisposed to commit the offense for which he was convicted." Id.

Chaudhry argues that the Government induced his actions, pointing to evidence that there was a period of time in which the Government agents attempted to initiate contact, and Chaudhry did not respond, and that, at one point, Chaudhry cancelled or delayed a planned meeting with Cheergrlsam. We note that "inducement alone does not establish entrapment as a matter of law"; rather, the central consideration is "whether the undisputed evidence shows a lack of predisposition on the part of the accused." United States v. Gambino, 788 F.2d 938, 944 (3d Cir. 1986) (citing Hampton v. United States, 425 U.S. 484, 488 (1976)). We are unconvinced on this record that no reasonable jury could have rejected Chaudhry's entrapment defense.

The record reflects that Chaudhry exhibited a willingness to meet, and engage in sexual acts, with Cheergrlsam, and admitted to initiating the topic of sex with Cheergrlsam. Moreover, regardless of which party initiated conversations, Chaudhry was consistently the party that introduced the topic of engaging in sexual activity, as well as

5

planning a meeting to engage in such conduct. We have held that the Government may negate an entrapment defense with evidence of an existing course of conduct that is similar to the crime charged, an "already formed design" to commit the crime with which the defendant is charged, or a willingness to commit the crime "as evidenced by the accused's ready response to the inducement." United States v. Lakhani, 480 F.3d 171, 179 (3d Cir. 2007) (quotations and citations omitted). Here, there is ample evidence upon which the jury could have relied to reject the entrapment defense.

IV.

Chaudhry challenges the District Court's pretrial ruling denying him the opportunity to have an expert witness personally examine a government-owned computer used in various undercover law enforcement investigations, including for the instant-messaging based conversations between Chaudhry and the agent posing as Cheergrlsam. "An application for discovery under Rule 16 of the Federal Rules of Criminal Procedure is addressed to the sound discretion of the trial court, and its ruling will be disturbed only for an abuse of discretion." United States v. Newman, 476 F.2d 733, 739 (3d Cir. 1973) (quotation omitted). The Government opposed the motion in the District Court, arguing that such production could compromise unrelated investigations, and noting that it had previously obtained from the computer and provided to Chaudhry copies of the recorded instant messaging conversations between Chaudhry and Cheergrlsam. The District Court denied the motion, satisfied with the testimony of Chaudhry's own expert, who stated that

6

the retrieval of documents resulting from certain term searches would be "sufficient" to satisfy the discovery requests. Supplemental Appendix (S.A.) 1082-83. We find the District Court acted well within its discretion in reaching this determination, and we will not disturb it.

V.

Chaudhry next argues that the District Court erred in denying his motion to suppress his post-arrest statements. Chaudhry argues that his statements were not voluntary because he "altered his statements" to "appease" the law enforcement officers based on his belief that he was "undergoing a credibility test" and that his statements were being recorded. Appellant Br. at 51. The District Court's ultimate conclusion regarding the voluntariness of a confession is subject to plenary review; however, we review the District Court's underlying factual findings for clear error. United States v. Perez, 280 F.3d 318, 336 (3d Cir. 2002). We consider the "totality of the circumstances" to determine whether "the defendant's will was overborne when he confessed." Miller v. Fenton, 796 F.2d 598, 604 (3d Cir. 1986) (citations omitted); see United States v. Jacobs, 431 F.3d 99, 108 (3d Cir. 2005). In making this determination, "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." Colorado v. Connelly, 479 U.S. 157, 167 (1986); see United States v. Bethancourt, 65 F.3d 1074, 1078 (3d Cir. 1995).

7

In its opinion denying Chaudhry's motions to suppress, the District Court observed that the Government had produced a <u>Miranda</u> waiver form, signed by Chaudhry; consent-to-search forms, also signed by Chaudhry; and hand-written notes from a law enforcement officer documenting Chaudhry's post-arrest statements, each page of which Chaudhry had initialed. The Court found no evidence of coercive police activity or that Chaudhry did not understand his rights. Appendix (App.) 43. We conclude that the District Court did not err in denying Chaudhry's motion to suppress his statements.

Chaudhry further argues that the District Court abused its discretion in denying him the opportunity to inspect the interrogation room for recording equipment, and that the District Court erred in failing to suppress his post-arrest statements under Federal Rule of Evidence 403. We conclude that each of these arguments lacks merit.

IV.

Chaudhry raises a number of claims of sentencing error, including, <u>inter alia</u>, that the District Court erred in imposing a two-level sentencing enhancement for obstruction of justice, and that the District Court violated his right to allocute prior to the imposition of sentence.

A.

Chaudhry argues that the District Court erred when it imposed a two-level adjustment under United States Sentencing Guideline § 3C1.1 for obstruction of justice because he willfully committed perjury during his suppression hearing and at trial. A

district court may increase the offense level under § 3C1.1 based on perjured testimony if it finds that the defendant gave false testimony as to a material matter with the willful intent to give false testimony. United States v. Dunnigan, 507 U.S. 87, 94, 97 (1993); United States v. Bass, 54 F.3d 125, 133 (3d Cir. 1995). We review the District Court's finding that Chaudhry's testimony was willfully false for clear error. United States v. Cusumano, 943 F.2d 305, 315 (3d Cir. 1991).

We conclude that the record supports the District Court's finding. Chaudhry based his defense, in part, on his claim that he had numerous conversations with Cheergrlsam in the four to six weeks prior to June 20, 2005, the date on which the chat transcripts begin. Chaudhry claimed that those conversations, withheld from evidence, were nonsexual in nature and led Chaudhry to determine that Cheergrlsam was an adult woman, role playing as a minor. Chaudhry testified in detail concerning the content of these purported conversations in both the suppression hearing and at trial. Chaudhry further claimed that the Government concealed or destroyed the allegedly exculpatory chats, and argued that this alleged violation of Brady v. Maryland, 373 U.S. 83 (1963), mandated dismissal of the indictment. Chaudhry presented expert testimony both at trial and at pretrial hearings in support of his defense that the submitted transcripts might be incomplete. See, e.g., S.A. 607-610 (testimony of expert witness Robert Andrew Leonard).

Chaudhry's testimony was contradicted by agent Agar, who testified that he originated the screen name "Cheergrlsam" on June 20, 2005, the date of his first internet

9

investigation with the Computer Crimes Task Force, and that this was the first time he communicated with Chaudhry. Officer Agar's testimony was further bolstered by records from Yahoo! indicating that the "Cheergrlsam" account was first created on June 20, 2005.

The District Court found that Chaudhry fabricated these earlier conversations with the purpose of constructing a defense "that he hoped would lead to an acquittal." App. 10; see Appellant Br. at 9 (acknowledging that the theory that the online chats were "role play" was critical to Chaudhry's defense). Accordingly, the District Court held that such testimony was not merely false, but willfully so. We conclude that the District Court's ruling was not clearly erroneous.

B.

Chaudhry also challenges the District Court's procedures at sentencing, and contends that the Court improperly limited his right to allocute. This Court exercises plenary review over claims challenging the legality of sentencing procedures. United States v. Woods, 986 F.2d 669, 673 (3d Cir. 1993). Federal Rule of Criminal Procedure 32 requires, in relevant part, that before imposing its sentence, the Court must provide the defendant's attorney the opportunity to speak on the defendant's behalf, and "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A). The District Court provided both defense counsel and Chaudhry ample opportunity to speak on his behalf. Chaudhry's

10

contention that he should have been allowed to speak earlier, while the Court was making legal and factual findings, and as his defense counsel was presenting arguments, is without merit. The Court personally addressed Chaudhry prior to sentencing, providing him with the opportunity to present any mitigating evidence on his behalf, and placed no limitation on Chaudhry's remarks. Rule 32 requires no more.

## VI.

Finally, Chaudhry presents a claim on appeal based on ineffective assistance of trial counsel. It is well settled that such claims should be raised in collateral proceedings, particularly when, as in this case, the record is insufficient for this Court's review. See United States v. Thornton, 327 F.3d 268, 271 (3d Cir. 2003) (citing Massaro v. United States, 538 U.S. 500 (2003)). We thus decline to address Chaudhry's arguments based on ineffective assistance of counsel.[2]

---

[2] Chaudhry argues that he was denied his right to a fair trial because the Government failed to preserve exculpatory evidence allegedly contained in his "initial conversations" with Cheergrlsam. Appellant Br. at 47. We reject this argument. As discussed in Section IV.A., supra, the Government was able to refute the defense that earlier, exculpatory communications between Chaudhry and Cheergrlsam existed, and thus was under no obligation to "preserve" such communications. In addition, for the first time in his reply brief, Chaudhry contends that the District Court committed plain error in failing to instruct the jury regarding the spoliation of evidence. Appellant Reply Br. at 23-25. Chaudhry waived any such argument by failing to raise it in his opening brief. See, e.g., Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).

Chaudhry also asks this Court to "take into account his special circumstances, particularly his prior history and characteristics," and afford him some relief under the Second Chance Act, 18 U.S.C. § 3624. Appellant Br. at 60. This request is not properly before this Court. Section 3624(b) provides that federal prisoners serving a term of

## VII.

For the reasons stated, we will affirm the judgment of the District Court in all respects.

---

imprisonment of more than a year may receive "credit" toward the prisoner's term of imprisonment of up to 54 days per year, subject to a determination by the Bureau of Prisons, *at the end of the first year of the prison term*, that the prisoner had demonstrated exemplary behavior. Finally, all of Chaudhry's arguments not specifically addressed are without merit.